DE LA FAYETTE WILCOX, appellant, *v.* JAMES KINZIE, appellee.

### *Appeal from Cook.*

To an action of trespass *quare clausum fregit*, the defendant pleaded that long before and at the time of the committing of the supposed trespasses, he was then and there lawfully possessed of a certain close of the said defendant, situate in the said county of Cook, &c., known and called the Military Reservation, with the appurtenances; and being so possessed thereof, the said plaintiff, while the said defendant was so possessed of the said premises, then and there, unlawfully, and of his own wrong, with force and arms, broke and entered the said close of the said defendant, with wagons and carts loaded with lumber, and was then and there unlawfully destroying and encumbering the said close of the said defendant, with the said lumber, wagons, and carts, and doing great damage to the said close of the said defendant; and also then and there threatened and declared that he would forthwith erect and build a house in and upon the said close of the said defendant; whereupon the said defendant did then and there, in defence of his said close, and the possession thereof, and to hinder and prevent the disturbance of the same, forthwith order and drive from and off of his said close and possession, the said plaintiff, his servants, carts, and wagons, and removed, or caused to be removed, the said lumber of the said plaintiff, from and off the said close of the said defendant, and safely lodged the same on the outside thereof, as he might lawfully do, and in the meantime did no unnecessary damage to the said plaintiff, or his carts, wagons, or lumber, in the said declaration mentioned, which were so removed by him, the said defendant; which are the same supposed trespasses in the said declaration mentioned; and this he is ready to verify, &c. The plaintiff replied, that he, the said plaintiff, long before, and at the time when, &c., was seized in his demesne, as of fee, in the close in which, &c.; whereupon the said plaintiff, at the said time when, &c., was about to erect a house in the said close of the said plaintiff; and then and there, into and upon said close, entered and deposited the said goods and chattels, as it was lawful for him to do, for the cause aforesaid; and thereupon the said defendant, at the said time when, &c., of his wrong committed the said several trespasses, in manner and form as the said plaintiff hath in his declaration alleged; without this, that the said defendant, at the said time when, &c., was lawfully possessed of the said close, as the said defendant hath in his said plea in that behalf alleged; and this he is ready to verify, &c.: *Held*, on demurrer, that the replication was full, explicit, correct, and a good answer to the plea.

The certificate of the register of a land office of the purchase of a tract of land within his district, is admissible in evidence to prove title in the purchaser; and so is a deed from such purchaser admissible in evidence to prove title in the grantee mentioned in the deed.

It is not error for the Court to refuse an instruction which presumes the existence of a fact that the evidence does not show to exist.

Actual possession is not necessary to maintain an action of trespass, where the party has the title to the soil.

Where, in an action of trespass, the defendant attempted to justify, upon the ground of his being an officer, acting under the authority of the War Department, and the Court instructed the jury, "That if they believed, from the evidence, that the defendant acted by the order of the Government, he might prove that, to their satisfaction, by an order from the proper head of the department; and, if they further believed the defendant had not shown excuse and right for taking the property, then the law was for the plaintiff:" *Held*, that the instruction was not erroneous.

Wilcox v. Kinzie.

The plaintiff in the Court below sued the defendant in an action of *trespass vi et armis*. The declaration contained three counts. The first was for breaking and entering the plaintiff's close, being lot seven [7] in block eleven [11] in Beaubien's addition to Chicago, and expelling the plaintiff and his servants, from the possession, use, and occupation of said close, &c. The second was for breaking and entering said close, and then and there seizing and carrying away divers large quantities, to wit, 10,000 feet of boards, &c., of plaintiff, of great value, and converting and disposing thereof to his own use. The third count was for that on the 23d of April, 1836, the defendant took and carried away certain other goods and chattels of the plaintiff, to wit, 10,000 feet of other plank, &c., then and there found and being, and converted and disposed thereof to his, the defendant's own use.

The defendant pleaded, first, the general issue; secondly, as to the third count, that the defendant, on the said 23d of April, 1836, at, &c., long before and at the time of the committing of the trespasses above supposed, in the said declaration mentioned, was then and there lawfully possessed of a certain close of the said defendant, situate in the said county of Cook, &c., known and called the Military Reservation, with the appurtenances, and being so possessed thereof, the said James Kinzie, on the 23d of April, 1836, and while said defendant was so possessed of said premises, then and there unlawfully and of his own wrong, with force and arms, broke and entered the said close of the said defendant, with wagons and carts loaded with lumber, and was then and there unlawfully destroying and encumbering the said close of the said defendant, with said lumber, wagons, and carts, and doing great damage to the said close of the said defendant; and also then and there threatened and declared, that he would forthwith erect and build a house in and upon the said close of the said defendant, whereupon the said defendant did then and there, in defence of his said close, and the possession thereof, and to hinder and prevent the disturbance of the same, forthwith order and drive from and off of his said close and possession, the said plaintiff, his servants, carts, and wagons, and removed, or caused to be removed, the said lumber of the said plaintiff, from and off the said close of the said defendant, and safely lodged the same on the outside thereof, as he might lawfully do, and in the mean time did no unnecessary damage to said plaintiff, his carts, wagons, or lumber, in the said declaration mentioned, which were so removed by him, the said defendant; which are the same supposed trespasses in the said third count of the said declaration mentioned; and this he is ready to verify, &c.

To this second plea the plaintiff replied, that he, the said plaintiff, long before, and at the time when, &c., in the said third count mentioned, was seized in his demesne, as of fee, in the close in which, &c., in the said second plea to the said third count of the said plaintiff's declaration mentioned; whereupon the said plain-

tiff, at the said time when, &c., in the said third count mentioned, was about to erect a house in the said close of the said plaintiff, in the said second plea mentioned, and then and there entered into and upon the said close, and then and there deposited the said goods and chattels in the said third count mentioned, as it was lawful for him to do, for the cause aforesaid; and thereupon the said defendant, at the said time when, &c., in the said third count mentioned, of his wrong committed the said several trespasses in the said second plea mentioned, in manner and form as the said plaintiff hath in his said third count of his said declaration alleged; without this, that the said defendant, at the said time when, &c., was lawfully possessed of the said close, as the said defendant hath in his said second plea in that behalf alleged; and this he is ready to verify, &c. To this replication the defendant demurred, and the plaintiff joined in demurrer. The demurrer was overruled, and the defendant thereupon rejoined, that the said plaintiff ought not to have his action, &c., by means of any thing by him in that replication alleged, in respect of the said supposed trespasses in the introductory part of said second plea, and in the said third count of the said declaration mentioned, because, he says, that the said plaintiff, long before, and at the said time when, &c., in said third count mentioned, was not seized in his demesne, as of fee, in the said close, in which, &c., in the second plea to the said third count of the said declaration mentioned. Issues were thereupon joined to the country, and a verdict was rendered in favor of the plaintiff for $60, and judgment entered thereon.

During the progress of the trial, the plaintiff offered in evidence a certificate from the register of the United States land office of the Chicago land district, to prove title in J. B. Beaubien, which the defendant objected to, and the Court overruled the objection. The plaintiff then offered a deed made subsequent to the entry of the land, upon which the trespass was said to have been committed, from said J. B. Beaubien to the plaintiff, which was objected to by the defendant, and the objection was overruled, and the deed read in evidence. After the evidence was closed, the defendant moved the Court to instruct the jury, " That if the jury shall be of opinion, from the evidence, that the plaintiff, with his hands and carts of lumber, entered on and within the enclosed premises of the defendant, without his consent so to do, that then the plaintiff and his hands were trespassers; and that the defendant used such force and means only as were necessary to ensure their safe removal out of his enclosure, doing no unnecessary damage to either, in removing them out, then the law is for the defendant." The Court so far refused the instruction as to say, " That if they should believe, from the evidence, that Kinzie had a deed from Beaubien, and at the time the trespass was committed, the defendant had no lease from Beaubien, or the plaintiff, the plaintiff had a right to enter, unless the defendant could show a better title in himself."

The defendant further prayed this instruction, " That the plaintiff cannot recover against the defendant, in this form of action, for the supposed trespass in the first and second counts mentioned, unless the jury shall be satisfied, from the evidence, that the plaintiff, at the time, was in the actual and exclusive possession of the premises;" which instruction was refused, with this qualification : " That if they should believe, from the evidence, that the plaintiff had the best title, by deed from the rightful owner, that then it is not necessary to be in the actual and exclusive possession, but he had a right to enter, unless barred by a lease to defendant." To these instructions given, and the refusal to give the instructions asked, the defendant excepted.

The plaintiff then asked the following instructions, to wit: " That a subordinate officer cannot protect himself as acting under the orders of the Government, unless he proves an order in writing, from one of the heads of department, having power to issue the order." " That the plaintiff is entitled to recover under the third count in the declaration, as the defendant, by his plea to that count, admits the taking of the property." The Court instructed the jury, " That if they should believe, from the evidence, that the defendant acted by the order of Government, that he might prove that to their satisfaction, by an order from the proper head of the department; and, also, if they believed that the defendant had not shown excuse and right for taking the property, as mentioned in that plea, then the law was for the plaintiff." To which instructions the defendant excepted.

The cause was tried at the May term, 1837, of the Cook Circuit Court, before the Hon. John Pearson and a jury.

Verdict and judgment were rendered for the plaintiff, for $60. The defendant appealed to this Court.

D. J. BAKER and B. S. MORRIS, for the plaintiff in error, relied on the following points and authorities :

Actual possession by Kinzie, the plaintiff, was necessary to enable him to maintain his action of trespass *quare clausum fregit*, upon the first and second counts of his declaration. Pirtle's Dig. 439, referring to Foster *v.* Fletcher, 7 Monroe 536. To maintain trespass *quare clausum fregit*, it is necessary that the plaintiff should have been in actual possession of the land. *Ibid.* 440, referring to Owings *v.* Gibbon, 2 Marsh. 515.

The heir cannot maintain this action for an injury done to lands which have descended to him, before he has, by entry, acquired the possession in fact; nor a bargainer nor a patentee before entry and actual possession. *Ibid.* 440, referring to 3 Marsh. 333; 4 Bibb. 218; Plowd. 142; Cro. Jac. 601. In the case of land and other real property, there is no constructive possession, and unless the plaintiff had the actual possession, by himself or his servants, at the time when the injury was committed, he cannot

support this action.    1 Chit. Plead. 204, referring to 1 Johns. 512; 5 Binn. 290; 12 Johns. 184; 4 Day 306.

Before entry and actual possession, a party cannot maintain trespass, though he hath freehold in land. 1 Chit. Plead. 204. Unless, at the time the injury was committed, the plaintiff be proved to have been in actual possession, this action cannot be supported. 2 Saund. Plead. & Ev. 866; 5 East 485–7. There is no such constructive possession of land and other real property to enable the party to maintain this action, as there is in the possession of personal property. *Ibid.* Proof of title does not dispense with proof of actual possession. A lessee cannot support this action before entering; neither can an heir at law maintain this action against an abettor; nor can a bargainor, although the statute of uses transfers the possession. 3 Stark. Ev. 1436.

The replication of the plaintiff below to the defendant's second plea to the third count in the plaintiff's declaration, is no legal answer thereto.

The Court ought to have given the instructions asked by the defendant, and should not have given the instructions it did give on that occasion. The first instruction given is indefinite, deceptive, and calculated to mislead the jury.

The last instruction mentioned in the bill of exceptions, as having been given by the Court, is erroneous.

The Court should not have permitted to be read by the plaintiff below, to the jury, the certificate of the register of the land office in Chicago. See acts of Congress of the United States for the disposal of the public lands. The act of the legislature of Illinois, entitled *"An Act declaring what shall be Evidence in certain cases,"* (1) approved Feb. 10, 1827, so far as the same makes the certificate of the land officer evidence of title in the party who makes the entry or purchase, or his heirs, or assigns, is repugnant to the laws of the United States, and therefore void.

J. BUTTERFIELD and G. SPRING, for the defendant in error:

Where title is shown, the law presumes the plaintiff in possession, and the defendant must rebut by showing he holds adversely. 12 Johns. 183; Wend. Dig. 645; 1 Harris & Johns. 295; 10 Wend. 639. The instructions asked were abstract propositions, not pertinent to the facts.

SMITH, Justice, delivered the opinion of the (old) Court:

Numerous errors have been assigned, which may be arranged under the following heads:

*First.* That which alleges err   in overruling the defendant's demurrer to the plaintiff's replicati   to the defendant's second plea;

*Second.* Those which refer   the refusal to exclude the evidences of title offered by the pl  f;

       (1) R. L. 280;    e's Stat. 287.

*Third.* Those which complain of the refusal to give the instructions asked by the defendant;

*Fourth.* Those which insist that there is error in giving the instructions asked by the plaintiff.

As to the first exception on the pleadings, we perceive no error. The replication is full, explicit, and correct; no defect is seen either in the matter or the form.

The second ground is without reason to support it. The evidence was properly admitted, under the pleadings in the cause. Whether it conduced to sustain the issue, and was pertinent thereto, was the only enquiry, at the time it was offered, and not whether it was sufficient to entitle the plaintiff to recover.

On the third ground, in reference to the first instruction asked, it does not appear that the judge absolutely refused to give the instruction; nor that he did give it. The bill recites the fact, that the judge so far refused as to say, " That if the jury believed, from the evidence, that Kinzie had a deed from Beaubien, and, at the time the trespass was committed, the defendant had no lease from Beaubien, or the plaintiff, he had a right to enter, unless the defendant could show a better title in himself." This, although an evasion of the instruction asked by the defendant, could not have prejudiced him; because the Court might well have refused to instruct the jury as asked, " That if they, the jury, should be of opinion, from the evidence, that the plaintiff, with his hands and carts of lumber, entered on and within the enclosed premises of the defendant, without his consent so to do, that then the plaintiff and his hands were trespassers; and that the defendant used such force and means only as was necessary to ensure their safe removal out of his enclosure, doing no unnecessary damage to either in removing them out, then the law is for the defendant." This instruction presumes the existence of a fact not appearing in the cause; that is, that it had appeared in evidence that the premises in controversy belonged to the defendant. Now, for aught that appears in the case, no evidence whatever showed that the defendant had either title or possession, actual or constructive, of the *locus in quo* in question.

The second instruction asked by the defendant was, " That the plaintiff could not recover, in the present form of action, for the trespasses named in the first and second counts of the declaration, unless the jury should be satisfied, from the evidence, that the plaintiff, at the time, was in the actual and exclusive possession or occupancy of the premises;" which instruction was refused, by a qualified instruction, couched in these terms: " That if they believed, from the evidence, that the plaintiff had the best title, by deed from the rightful owner, that then it was not necessary to be in the actual possession, but he had a right to enter, unless barred by a lease to defendant."

Here again is an evasion of the instruction asked, but not to

the prejudice of the defendant; because the judge might well have refused the instruction in the terms asked. Actual possession is not necessary to maintain an action of trespass, where the party has the title to the soil; the title drawing to it the possession; nor where there is not an actual exclusive possession by another of the whole. Hence there was no error in the refusal, nor in the instruction as given.

The fourth ground of exception consists in the instructions given at the instance of the plaintiff, and excepted to by the defendant. The instructions were, "That if the jury believed, from the evidence, that the defendant acted by the order of the Government, that he might prove that, to their satisfaction, by an order from the proper head of the department; and if they further believe the defendant had not shown excuse and right for taking the property, as mentioned in that plea, then the law was for the plaintiff." Here, also, the instructions were evasive of those asked by the plaintiff; but still we perceive nothing wrong in them.

. They are general, embrace propositions self evidently right, applied to a proper state of facts; but from the ambiguity in reference to the facts, which may have existed, and called them forth, and the obscurity which marks the manner in which they are stated, it is not possible to perceive that the defendant has sustained, or might have sustained, prejudice therefrom.

So far as an opinion can be gathered from the case, under the third count in the declaration, it is apparent that the plaintiff was entitled to recover; and in reference to the other portions of the cause, no sufficient reason is perceived for interfering with the judgment.

The judgment is affirmed with costs.

*Judgment affirmed.*